IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEVEN CARMICHAEL WARREN,**
No. 11539-045,

**Petitioner,**

vs.                                                                                     Case No. 17-cv-084-DRH

**T.G. WERLICH,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Relying on the recent case of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), he argues that his prior drug conviction should not have been used to impose an enhanced sentence under the career offender sentencing guidelines.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

corpus cases, such as this action under 28 U.S.C. § 2241.  Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b).

## Background

In October 2011, petitioner pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 2 of the indictment) in the District of Kansas, Case No. 11-cr-20040.  On April 30, 2012, he was sentenced to 300 months in prison, the statutory maximum.  (Doc. 1, p. 1); *United States v. Warren*, 737 F.3d 1278 (10th Cir. 2013).  Two other charges were dismissed according to the plea agreement.

The trial court found that petitioner qualified as a career offender under the United States Sentencing Guidelines ("USSG"), § 4B1.1(a), because he had 2 prior felony convictions for either a crime of violence or a controlled substance offense. *United States v. Warren*, 737 F.3d 1278 (10th Cir. 2013).  Petitioner had one of each.  The drug offense on which the trial court based the career-offender enhancement was petitioner's Missouri state court conviction for sale of a PCP-laced cigarette.  Petitioner also had a previous conviction for a different armed bank robbery.  He had served approximately 12 years in federal prison for that bank robbery, and then committed the 2011 robbery about 12 months after his release.  In sentencing him for the instant offense, the trial court found that under the USSG, petitioner's total offense level was 31, with a criminal history category of VI.  This yielded an advisory sentencing range of 188 to 235 months.  The

sentencing court found that an upward variance from the guideline range was warranted, and imposed the 300 month sentence petitioner now challenges.

On December 16, 2013, the Tenth Circuit affirmed petitioner's sentence on appeal. *United States v. Warren*, 737 F.3d 1278 (10th Cir. 2013). On October 21, 2014, petitioner brought a timely motion under 28 U.S.C. § 2255. (Doc. 48 in criminal case, No. 11-cr-20040 (D. Kan.). That motion was denied by the trial court on March 4, 2016. (Doc. 49 in criminal case). The Tenth Circuit denied a certificate of appealability. *Warren v. United States*, 660 F. App'x 611 (10th Cir. 2016).

### The Petition

Petitioner focuses his argument on his Missouri drug conviction, for violation of MRS 195.202, "Sale of a Controlled Substance." (Doc. 1, pp. 2, 6-8). He claims that this crime is "not a career offender generic offense" under the reasoning of *Mathis v. United States*, 136 S. Ct. 2243 (2016). Petitioner explains that the Missouri statute defines "sale" as including a "barter, exchange, or gift," and further defines "deliver/delivery" as a "transfer from one person to another . . . and includes a sale." (Doc. 1, p. 7). He characterizes the Missouri statue as a "divisible" statute including several alternative elements of the offense, analogous to the burglary statute which the *Mathis* Court found to be too broad to fit within the definition of a "generic" burglary.

He notes that neither of the terms used in the Missouri statute ("deliver" or "sale") is found in the USSG at § 4B1.1 or § 4B1.2. He points out that §4B1.2

3

defines "controlled substance offense" as one that prohibits the "distribution" of a drug, or the "possession" with intent to "distribute or dispense" the controlled substance.  USSG § 4B1.2.  Based on his observation that the relevant USSG sections do not include the same words as the Missouri statute, he reasons that the career offender guidelines have been improperly broadened by including his drug sale offense as a predicate for enhancing his sentencing range, and then imposing a greater sentence.

Petitioner asks this Court to vacate his sentence and remand the case for a new sentencing.  (Doc. 1, p. 8).

## **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Here, petitioner is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition

4

where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental

5

defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner invokes *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), as grounds for his argument that his Missouri drug conviction should not have been counted as a "controlled substance offense" under the definitions in the United States Sentencing Guidelines. In *Mathis*, the Supreme Court held that an Iowa burglary statute that allowed for a conviction based on entry to a vehicle was too broad to qualify as a "generic burglary" statute. "Generic burglary" requires that the unlawful entry must have been made to a building or other structure. Because the Iowa statute was not "divisible" into distinct elements according to where the crime occurred, the *Mathis* Court held that a conviction under that state law could not be used as a predicate offense to enhance a federal defendant's sentence under the burglary clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Mathis*, 136 S. Ct. at 2250-51; *see also United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016). *Mathis* is a statutory interpretation case rather than a constitutional case, thus it satisfies the first element of the savings clause. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241").

As to the second factor, the decision in *Mathis* was announced on June 23,

2016, some two months after petitioner's § 2255 motion was denied on March 4, 2016, so it appears that petitioner could not have relied on it in that proceeding. Further, the Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (citing *Davis v. United States*, 417 U.S. 333 (1974); *Montgomery v. Louisiana*, — U.S. —, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)).

Finally, petitioner plausibly asserts that the increase in the calculation of his sentencing range based on the career-criminal enhancement (which relied on the Missouri drug conviction), and his significantly higher sentence, could be deemed a miscarriage of justice. The petition thus facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e).

It is notable, however, that "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). The *Mathis* decision thus may or may not be applicable to petitioner's sentence, where the sentencing enhancement was determined based on the advisory sentencing guidelines, not the ACCA statute. The Supreme Court recently held that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6,

2017) (distiguishing *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015)).

Further, petitioner's argument that a "sale" or "delivery" of a controlled substance is materially different from "distributing" or "dispensing" it appears to be questionable. However, given the limited record before the Court at this stage, and the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the petition.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered.[1] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: March 27, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.03.27 11:29:07 -05'00'

**United States District Judge**