IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEVEN CARMICHAEL WARREN,** )
)
        **Petitioner,** )
)
vs. ) Civil No. 17-cv-084-CJP[1]
)
**T. G. WERLICH,** )
)
        **Respondent.** )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Steven Carmichael Warren filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Respondent filed a response at Doc. 12, and petitioner filed a reply at Doc. 16, supplemented by additional citations in Docs. 19 and 21. This matter is now ripe for resolution.

## Relevant Facts and Procedural History

Pursuant to a written plea agreement, petitioner pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) in the District of Kansas, Case No. 11-cr-20040. In May 2012, he was sentenced to 300 months imprisonment, the statutory maximum. See, Docket Sheet, Case No. 11-cr-

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 11.

20040, Doc. 12, Ex. 5, p. 3.[2]

At sentencing, the Court found that Warren qualified as a career offender under U.S.S.G. § 4B1.1, resulting in an advisory guideline sentencing range of 188 to 235 months. Transcript of Sentencing Hearing, Doc. 12, Ex. 3, p. 62. Defendant did not challenge his designation as a career offender, but argued for a downward departure. Ex. 3, p. 52. The Court granted the government's request for an upward departure and sentenced petitioner to 300 months imprisonment, the statutory maximum. Ex. 3, p. 84.

The plea agreement contained a waiver of the right to appeal or file a collateral attack. The plea agreement is attached to Doc. 12 as Exhibit 2. The agreement provides that Warren "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. . .The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to a motion brought under Title 28, U,S.C. § 2255. . ." The agreement limited the waiver of direct appeal to a sentence that was within the guidelines range determined by the court, but the waiver of collateral attack was not limited. Doc. 12, ex. 2, pp. 5-6.

Warren filed a direct appeal challenging the reasonableness of his sentence. He did not challenge his status as a career offender. The Tenth Circuit affirmed,

---

[2] The Court uses the document, exhibit, and page numbers assigned by the CM/ECF system.

*United States v. Warren*, 737 F.3d 1278 (10th Cir. 2013).

Warren also filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel but, again, not challenging his status as a career offender. The motion was denied, and the Tenth Circuit denied a certificate of appealability. *Warren v. United States*, 660 F. App'x 611 (10th Cir. 2016).

## Grounds for Habeas Relief

Petitioner argues that, following *Mathis*, his prior Missouri drug conviction no longer qualifies as a predicate conviction for purposes of the career offender enhancement.

## Analysis

Respondent argues that the petition should be denied for several reasons. First, petitioner waived his right to bring a collateral attack. Secondly, independent of the waiver, petitioner cannot bring his claim in a § 2241 petition because a sentence calculated under the advisory Sentencing Guidelines does not constitute a miscarriage of justice. Both of respondent's arguments are meritorious.

1. **Waiver**

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to

3

the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a § 2241 petition; the waiver does not make the remedy afforded by § 2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner does not argue that the plea agreement here was involuntary or that he fits into any of the recognized exceptions. The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998). *McGraw* is particularly instructive. The petitioner there argued that the convictions used to categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S. Ct. 1581 (2008). The Seventh Circuit enforced the waiver, noting that "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631. The same principle applies to a waiver of collateral attack.

2. **No Miscarriage of Justice**

There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005*). Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Warren was sentenced in 2012, long after the Supreme Court declared the Sentencing Guidelines to be merely advisory.

Petitioner does not respond to the *Hawkins* argument anywhere in his reply or supplemental replies.

There is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised by petitioner here: the use of a prior conviction that would allegedly no longer qualify as a predicate conviction for the career offender enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Court succinctly summarized its

5

holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir.2011), been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916. Under the binding precedent of *Hawkins*, the petition must be denied.

## Conclusion

For the foregoing reasons, Steven Carmichael Warren's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 (Doc. 1) is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: December 7, 2018.**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**

**Notice**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).